```
JULIA JAYNE (State Bar No. 202753)
ASHLEY RISER (State Bar No. 320538)
JAYNE LAW GROUP, P.C.
803 Hearst Ave.
Berkeley, Ca 94710
Telephone: (415) 623-3600
Email: ashley@jaynelawgroup.com

Attorney for Defendant
JUAN DAGIO
```

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JUAN DAGIO,<br><br>　　　　Defendant. | Case No. CR 20-00431 VC [JCS]<br><br>**JUAN DAGIO'S EX PARTE APPLICATION FOR ORDER PERMITTING IMMEDIATE EMPLOYMENT; [PROPOSED] ORDER** |

I, Ashley Riser, declare:

1. I represent Defendant JUAN DAGIO in the above-entitled matter. He is currently on pretrial release with an unsecured $10,000 bond. The purpose of this application is to respectfully request that Mr. Dagio's release conditions are amended to permit him to immediately begin seeking employment and, upon finding employment, immediately begin working while residing in a halfway house, located at 111 Taylor Street, San Francisco, California, in order to purchase phone, purchase necessary hygiene items, and provide financial support for his two children, Elijah, age three, and Olivia, age two.

2. Mr. Dagio's release conditions are as follows:

   a. Must reside in a halfway house at 111 Taylor Street, San Francisco,

|   |   |   |
|---|---|---|
| 1 |   | California; |
| 2 | b. | Travel restricted to the Northern District of California; |
| 3 | c. | Drug testing and treatment; |
| 4 | d. | No use of alcohol or narcotics without a legal prescription; and |
| 5 | e. | Participation in mental health treatment as directed by Pretrial Services. |

6   Dkt. No. 109, Order Setting Conditions of Release and Appearance Bond. Mr. Dagio's conditions do not restrict or otherwise limit his movement to the Taylor Street facility ("the facility"), nor do his conditions restrict or otherwise limit his ability to seek employment or, upon obtaining employment, begin working. *Id*.

3. The facility provides employment opportunities to residents, and therefore, any employment Mr. Dagio obtains would be through the facility.

4. Mr. Dagio does not have his own cell phone because he was in police custody from October 2020 to December 2021. Without a phone, Mr. Dagio cannot easily attend virtual court appearances. Additionally, without a phone, he cannot communicate with, at the very least, defense counsel or Pretrial Services.

5. The facility and Pretrial Services require Mr. Dagio to purchase his own phone and pay the phone bill because they do not provide residents with phones. Currently, Mr. Dagio is borrowing a friend's phone, but will have to return the phone at the end of the month because it is a temporary loan.

6. Because Mr. Dagio was in custody for fifteen months, Mr. Dagio does not have the financial ability to purchase his own phone, nor does he have family or friends that can lend him money or a spare phone. Thus, Mr. Dagio needs to begin seeking employment immediately, and upon obtaining employment, immediately begin working so he has the financial means to purchase a phone and pay his phone bill.

7. Based on his research, Mr. Dagio estimates that a new phone from MetroPCS with video conferencing capabilities will cost approximately $200, and the phone bill will cost approximately $60 per month.

8. Additionally, Mr. Dagio needs to purchase hygiene items because the facility and Pretrial Services do not provide residents with these items. Mr. Dagio needs to purchase the following:

   a. Laundry detergent;
   b. Hand sanitizer;
   c. Bleach for laundry and cleaning purposes;
   d. Soap;
   e. Dental floss;
   f. Shaving cream;
   g. Deodorant.

   Because Mr. Dagio does not have money to purchase these items, he cannot properly wash and sanitize his clothing or properly wash himself during a global pandemic in a crowded communal institution.

9. Mr. Dagio's two toddlers have lived with Mr. Dagio's parents since October 2020. In addition to providing full-time care, Mr. Dagio's parents are responsible for all child-related expenses, including medical visits, food and drink items, and clothes. Based on conversations with his father, Mr. Dagio estimates that his parents spend approximately $1,500 to $2,000 per month on his children. Because his parents have a limited income, providing this level of financial support is extremely difficult. Further, this arrangement will only last as long as Mr. Dagio's father, who has late-stage colon cancer, can care and financially provide the children. Mr. Dagio does not have the financial means to provide financial support for his children, nor can he save up money to provide his kids with housing, groceries, clothes, medical expenses, and other essentials. Thus, Mr. Dagio needs to immediately begin seeking employment and, upon finding employment, immediately begin working in order to provide financial support for his children, as well as save up funds to care for his children upon his release.

10. Assistant United States Attorney Barbara Valliere does not object to this request.

11. Pretrial Services Officer Josh Libby opposes Mr. Dagio's request to immediately begin working. Officer Libby advised defense counsel that he is not opposed to Mr. Dagio working if Mr. Dagio submits to a sixty day "blackout" period. During this blackout period, Mr. Dagio is not permitted to leave the halfway house for employment purposes.

12. Mr. Dagio was admitted to the halfway house on December 27, 2021. Mr. Dagio has successfully resided in the halfway house for 31 days.

13. Based on the above, I respectfully request that Mr. Dagio is permitted to immediately begin seeking employment and, upon finding employment, immediately begin working. All other conditions of release shall remain the same.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: January 27, 2022     By: _____/s/_____
                                Ashley Riser
                                Counsel for JUAN DAGIO

# [PROPOSED] ORDER

Based on the above, and good cause appearing:

**IT IS HEREBY ORDERED** that Defendant JUAN DAGIO's conditions of release are amended to include permission to immediately begin seeking employment and, upon finding employment, immediately begin working while housed at 111 Taylor Street, San Francisco, California.

All other terms and conditions shall remain in place.

DATED: _____     _____
                              HON. JOSEPH C. SPERO
                              Chief Magistrate Judge Joseph C. Spero